**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrin Riffle,<br><br>    Plaintiff,<br><br>v.<br><br>Excellent Auto Glass LLC,<br><br>    Defendant. | No. MC-25-00017-PHX-KML<br><br>**ORDER** |

Darrin Riffle filed a putative TCPA class action against Excellent Auto Glass LLC ("EAG") in the Western District of Washington. EAG did not respond to the complaint and Riffle was granted leave to conduct discovery to support his planned motion for default judgment. As part of that discovery, Riffle sent Arizona-based law firm Denton Peterson Dunn, PLLC a subpoena seeking effectively all documents in the firm's possession regarding EAG.[1] (Doc. 1 at 10.) The firm filed a motion to quash and, after Riffle filed his opposition, an amended motion to quash. The amended motion to quash included a privilege log. (Doc. 7.)

According to the amended motion to quash, the firm "has a longstanding

---

[1] The subpoena may be facially invalid in that it seeks production to an email address instead of a physical location. *See Crews v. Tanpri Media & Arts Inc.*, No. CV-23-01236-PHX-JJT, 2024 WL 1977708, at *1 (D. Ariz. Apr. 25, 2024) ("an e-mail address is not a 'a place' for the purposes of a subpoena *duces tecum*"); *see also United States v. Google LLC*, 690 F. Supp. 3d 1011, 1036 (N.D. Cal. 2023) (Rule 45 subpoena requiring compliance "via electronic means or through the mail, rather than at a physical location in Korea, does not obviate the requirement that the subpoena must comply with the 100-mile radius rule"). The firm did not seek to quash on this basis, so the court need not resolve the issue.

relationship with one of the owners of [EAG]" and "has provided legal advice to that owner concerning general business matters." (Doc. 7 at 2.) Although the firm does not represent EAG in the pending suit in Washington, it did provide "EAG, and the owner of EAG . . . advice concerning the claims made in the lawsuit." (Doc. 7 at 2.) The firm claims "[a]ny documents in the Firm's possession, custody, and control that could be responsive" to the subpoena (other than "engagement or retention letters" with EAG) "were provided by EAG to the Firm in confidence for the purpose of obtaining legal advice." (Doc. 7 at 2.) The firm did not provide an affidavit from EAG stating it wished to assert the privilege but it did provide a privilege log. That privilege log lists "emails either between [an attorney at the firm] and Jeff Searles, an agent of [EAG], or are internal emails between employees at the Firm." (Doc. 7 at 15.)

In opposing the original motion to quash, Riffle argued the firm had made an improper "[b]lanket claim[]" of privilege. (Doc. 6 at 4.) Riffle also argued the lack of an affidavit from EAG stating EAG wishes to assert the privilege dooms the motion because EAG, not the firm, "is the holder of the attorney-client privilege." (Doc. 6 at 6.) And Riffle argued that even accepting the firm represents EAG and EAG wishes to assert the privilege, the firm should have produced a privilege log so its privilege assertion could be evaluated. Now that the firm has produced a privilege log, most of Riffle's arguments no longer apply.

Riffle's decision to send a broad subpoena to a law firm raises obvious concerns regarding intrusions into the attorney-client relationship. *See United States v. Bergeson*, 425 F.3d 1221, 1224–25 (9th Cir. 2005) ("issuing a subpoena to a lawyer to testify against a client is an unusual step that always raises serious concerns, even absent any privilege"). Riffle does not explain why he believed the firm would be in possession of non-privileged responsive documents, and the firm avows it is not. Although the burden is on the firm to establish the privilege applies, *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025), Riffle does not explain his good-faith basis for believing such documents exist.

Riffle argues the firm has no attorney-client relationship with EAG because the firm "unambiguously claims it does not represent [EAG]." (Doc. 6 at 7.) But Riffle misreads

the firm's motion and accompanying affidavit or misunderstands the privilege. The amended motion and affidavit state the firm "does not represent EAG" in the pending Washington litigation but has "represented EAG for a limited time in an advisory capacity." (Doc. 7 at 2, 14.) Having avowed the firm represents EAG, the fact that it is not defending EAG in the Washington litigation is immaterial. "It is not true, and has not been true since the early nineteenth century, that the confidences of a client are respected only when given for the purpose of securing aid in *litigation*." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (simplified).

Although there is reason to doubt the basis for Riffle's subpoena, he is entitled to an affidavit from EAG that it has an attorney-client relationship with the firm and wishes to invoke the attorney-client privilege. The firm's recent production of a privilege log also allows Riffle to review the basis for the privilege assertion. Once EAG produces an affidavit and Riffle has reviewed the privilege log, there will be a sufficient basis to resolve the remaining disputes, if any.

**IT IS ORDERED** the Amended Motion to Quash (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**. Within thirty days of this order, Excellent Auto Glass LLC shall provide an affidavit to Darrin Riffle stating it has an attorney-client relationship with Denton Peterson Dunn, PLLC, and that it wishes to assert the privilege to prevent disclosure of the documents.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case in sixty days if no future filings are made.

Dated this 28th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge